```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| RIVERA-VELAZQUEZ, *et al.*,<br><br>    **Plaintiffs,**<br><br>        **v.**<br><br>THE HARTFORD STEAM BOILER<br>INSPECTION AND INSURANCE<br>COMPANY,<br><br>    **Defendant.** | **CIVIL NO.** 11-1763 (JAG) |

                        **MEMORANDUM & ORDER**

Garcia-Gregory, D.J.

   FED. R. CIV. PROC. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Furthermore, an involuntary dismissal for lack of prosecution or for failure to comply with court orders "operates as an adjudication on the merits." Id.

   "Dismissal is a harsh sanction which should be resorted to only in extreme cases." Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971). That said, it is a power that may be exercised where, as here, the court determines that "none of the "lesser sanctions available to it […] would truly be appropriate." Asociacion de Empleados Del Instituto De Cultura

**CIVIL NO.** 11-1763 (JAG)                                                 2

<u>Puertorriquena v. Rodriguez Morales</u>, 538 F.2d 915, 917 (1st Cir. 1976).

The First Circuit has given "considerable weight" to the fact that a plaintiff was made aware of the court's displeasure over their failure to comply with the court's orders. <u>Rodriguez Morales</u>, 538 F.2d at 917. On various occasions, Plaintiffs were put on notice that their vexatious behavior would result in sanctions. (See Docket Nos. 36, 49, 63). The last warning, given one week ago, read as follows:

> ORDER noted <u>76</u> Motion: On more than one occasion, the Court has had to resort to sanctions to extract compliance from Plaintiffs. (See Docket Nos. 36, 49, 63). According to Defendants, Plaintiffs have yet to pay the $500 in attorneys fees imposed by Magistrate Judge Lopez almost four months ago. Furthermore, Plaintiffs have evidently failed to submit their portion of the pre-trial memorandum. Plaintiffs' foot-dragging litigation strategy has gone on long enough. The next sanction imposed on Plaintiffs for failure to obey a Court order shall be the dismissal of their complaint. Plaintiffs shall therefore have until next week to show cause as to their case should not be dismissed for failure to comply with the payment of sanctions, and for the failure to submit their portion of the pre-trial memorandum. Regarding payment of sanctions, the Court anticipates that it will not accept as an excuse the fact that no term for payment was set; the Court always expects timely compliance with its orders. Show Cause Response due by 9/12/2012. Signed by Judge Jay A Garcia-Gregory on 9/5/2012. (RJC) (Entered: 09/05/2012)

The Court gave Plaintiffs ample time to show cause, yet none was given. This is the last straw. Plaintiffs were specifically warned that their inaction would result in a

dismissal of their case. And like in Rodriguez-Morales, plaintiff has not given any "reasonable excuse for their lack of prosecution." Rodriguez Morales, 538 F.2d at 918. They left Defendant's motion for summary judgment unopposed, failed to file the required pretrial memorandum, and failed to respond to the Court's order to show cause. This, combined with Plaintiffs' repeated flouting of both the Magistrate Judge and this Court's orders, leaves no room but to conclude that Plaintiffs are simply not interested in prosecuting this action.

Upon consideration of the totality of the circumstances here, as required under Rodriguez Morales and Richman, the Court elects to **GRANT** Defendant's Motion Requesting Dismissal with Prejudice (Docket No. 79) and dismiss the instant case **with prejudice**. Judgment shall be entered accordingly.

As a final point, Plaintiffs' counsel are reminded that they still owe $500 in attorney's fees to Defendants. Wherefore the Court **ORDERS** that this payment be made to the Clerk's office by Friday, September 28, 2012. Should Plaintiffs' counsel fail to make this payment by this date, additional sanctions shall be imposed at a rate of $50 *per diem* until the totality of the sanctions are paid.

**IT IS SO ORDERED.**

**CIVIL NO.** 11-1763 (JAG) 4

In San Juan, Puerto Rico, this 13th day of September, 2012.

                                              <u>S/ Jay A. Garcia-Gregory</u>
                                              JAY A. GARCIA-GREGORY
                                              United States District Judge