**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

RIVERA-VELAZQUEZ, *et al.*,

**Plaintiffs,**

**v.**

THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY,

**Defendant.**

**CIVIL NO.** 11-1763(JAG)

**OPINION & ORDER**

Before the Court is Plaintiffs' motion for reconsideration pursuant to FED. R. CIV. P. 60(b). Plaintiffs petition the Court to reconsider its decision to dismiss the present case with prejudice as a sanction for their non-compliance with various Court orders. (See Docket No. 80). For the reasons that follow, this request is hereby DENIED.

**BACKGROUND**

Defendant Hartford Steam Boiler Inspection and Insurance Company ("Hartford" or "Defendant") removed the instant action to this Court on August 5, 2011. Hartford answered the complaint and concurrently filed a motion to dismiss. After that motion was fully briefed, the case was referred to Magistrate Judge Lopez for an initial scheduling conference.

As part of the Court's case management order, the parties were to file a joint case management memorandum. Before the conference, Plaintiffs filed a motion for extension of time until December 5, 2011 to submit their part of the memorandum because Plaintiffs' attorney, as well as other members of her family, had the flu. (Docket No. 33). The requested extension expired, prompting the Magistrate Judge to enter an order for the parties to show cause as to why sanctions should not issue for their failure to comply with this Court's scheduling order. Yet, the Magistrate Judge did not issue sanctions on that occasion.

The minutes of the scheduling conference reflect that the parties agreed "to the dismissal of plaintiffs' claims under Article 1802 of the Puerto Rico Civil Code." (Docket No. 37, p. 2). Even so, Plaintiffs submitted an amended complaint that re-alleged claims under that statute. (See Docket Nos. 39, 65). Defendants thus renewed their motion to dismiss as to those claims, (Docket No. 44), which the Court granted, (Docket No. 50). Defendants then filed a motion for attorney's fees, (Docket No. 52), which was referred to the Magistrate Judge for disposition. The Magistrate Judge ruled as follows:

> As to the matter of sanctions, the court finds that they are warranted taking into account the procedural history described in paragraphs 2-9 of this motion (D.E. 52). There is no reason as to why the tendered

> amended complaint should include an Article 1802 reference, particularly since the causes of action raised in the tendered amended complaint are discrimination, breach of contract, and fair credit reporting and the matter of the tort claim had already been resolved. (D.E. 37; 39-1 at par. 2 on p.2). Nevertheless, the amount of $6,036 in attorney fees exaggerates the effort spent by defendant in dealing with this issue. (E.g., D.E. 11 less than two pages devoted to the Article 1802 claim citing case law that is neither novel nor complex; D.E. 43 and 44 - should not have been filed when the amended complaint had not been filed yet). Having said that, plaintiffs have not shown any eagerness to clarify the record as to their Article 1802 claim once they filed their motion requesting leave to file an amended complaint (D.E. 39). **At a minimum, they should have promptly clarified the matter once the second motion to dismiss (D.E. 44) was filed.** Therefore, sanctions in the amount of $500 are imposed upon plaintiffs in attorney fees. (Docket No. 63).

On June 12, 2012, Plaintiffs filed a motion to compel discovery responses from Defendant. (Docket No. 66). The same was referred to Magistrate Judge Lopez for disposition. (Docket No. 73). This was the last docket entry made by Plaintiffs in this case until the present motion for reconsideration was filed almost four months later.

In the meanwhile, Defendants moved for summary judgment. (Docket No. 70). Since Plaintiffs issued no response, the Court deemed Defendant’s motion unopposed. (Docket No. 75). Pursuant to the Court’s amended scheduling order, (Docket No. 62), the parties were to file a joint pretrial memorandum by September 4, 2012. Because Defendant did not receive Plaintiffs’ version by

the agreed date, Defendant opted to submit its version separately. (Docket No. 76).

In light of the above, the Court issued the following order, in red font:

> ORDER noted 76 Motion: On more than one occasion, the Court has had to resort to sanctions to extract compliance from Plaintiffs. (See Docket Nos. 36, 49, 63). According to Defendants, Plaintiffs have yet to pay the $500 in attorneys fees imposed by Magistrate Judge Lopez almost four months ago. Furthermore, Plaintiffs have evidently failed to submit their portion of the pre-trial memorandum. Plaintiffs' foot-dragging litigation strategy has gone on long enough. **The next sanction imposed on Plaintiffs for failure to obey a Court order shall be the dismissal of their complaint.** Plaintiffs shall therefore have until next week to show cause as to their case should not be dismissed for failure to comply with the payment of sanctions, and for the failure to submit their portion of the pre-trial memorandum. Regarding payment of sanctions, the Court anticipates that it will not accept as an excuse the fact that no term for payment was set; the Court always expects timely compliance with its orders. Show Cause Response due by 9/12/2012. Signed by Judge Jay A Garcia-Gregory on 9/5/2012. (RJC) (Entered: 09/05/2012) (Docket No. 78).

In spite of this Court’s clear warning, and after another opportunity to “clarify the matter,” (Docket No. 63), Plaintiffs chose to maintain silence. Given their non-compliance, Defendant moved the Court to dismiss the instant case with prejudice. (Docket No. 79). The Court granted that request, concluding from the record that Plaintiffs were “simply not interested in prosecuting this action.” (Docket No. 80).

Plaintiffs now move for reconsideration of this order pursuant to Rule 60(b), which Defendants vehemently oppose. With the stage now set, the Court will examine whether Plaintiffs are entitled to relief under Rule 60(b).

**LAW AND ANALYSIS**

Rule 60(b) "seeks to balance the importance of finality against the desirability of resolving disputes on the merits." Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). Relief under Rule 60(b) is "extraordinary in nature," and at least in this Circuit, "motions requesting such relief should be granted "sparingly." See Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002); see also Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63-64 (1st Cir. 2001).

While Plaintiffs' motion adheres to the contours of Rule 60(b), it does not specify under which of the six subsections Plaintiffs seek relief. Under the present circumstances, it is clear that only subsections (1) or (6) may apply.[1] However, "a

[1] Rule 60(b) states, in full, that on "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

motion under [Rule 60(b)(6)] is appropriate only when none of the first five sections pertain, and section (6) may not be used as means to circumvent those five preceding sections." Ahmed v. Rosenblatt, 118 F.3d 886, 891 n.9 (1st Cir. 1997). Accordingly, we analyze Plaintiff's motion under the lens of Rule 60(b)(1).

Rule 60(b)(1) allows a Court "on motion and just terms" to relieve a party from final judgment which results from "mistake, inadvertence, surprise or excusable neglect." The first three reasons are inapposite here, as the Plaintiffs had ample warning on the docket about what the Court intended to do regarding their noncompliance. (See Docket No. 78). Thus, the only question is whether Plaintiffs' neglect in prosecuting their case is excusable.

Whether excusable neglect exists is "an equitable determination," and factors relevant to this inquiry include "the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, and whether the movant acted in good faith." Davila-Alvarez, 257 F.3d at 64. No single factor is controlling, as the "hallmark of equity is the ability to assess

---

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

all relevant facts and circumstances and tailor appropriate relief on a case by case basis." Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 321 (1st Cir. 1989)(en banc).

Plaintiffs proffer several reasons why the Court should grant relief under Rule 60(b)(1). Their strongest arguments are that Defendants have not shown they will be prejudiced if the Court reinstates this case; that there is a policy in favor of the disposition of cases on their merits; and that Plaintiffs conduct was neither willful nor intentional. Even giving Plaintiffs the benefit of the doubt on these points, the totality of the circumstances weighs strongly against granting relief here.

Plaintiffs argue that they have actively prosecuted this case even after their counsel fell ill. (Docket No. 82, p. 15). The record, unfortunately, shows otherwise. For four months prior to the entry of Judgment in this case, Plaintiffs maintained complete silence, even when *specifically* warned that further inaction would entail dismissal. (See Docket Nos. 80, 76). The Court did not issue that warning on a whim – on several occasions beforehand, the Court had to resort to monetary sanctions (or at least the threat of the same) to obtain Plaintiffs' compliance.

Other considerations cement the notion that Plaintiffs' lack of diligence was inexcusable. For instance, Plaintiffs do not aver that they were unaware of what was happening in this case. To the contrary, the record shows that Plaintiffs were duly notified of the Court's aforementioned orders.[2] See Indianapolis Life Ins. Co. v. Herman, 204 Fed.Appx. 908 (1st Cir. 2006) (district court did not abuse discretion in denying Rule 60(b)(1) motion claiming excusable neglect, noting that though attorney received several notifications from opposing counsel and the court indicating that no answer had been filed, attorney still did not take responsive action).

Furthermore, although the illness of Plaintiffs' attorney is a factor that should be accorded weight in this analysis, illness standing alone is not sufficient to justify relief.[3] As the First Circuit has stated, "a lawyer's duty of diligence transcends both upheaval at work and personal tragedy." Davila-Alvarez, 257 F3d at 65 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398 (1993)); see also Miranda v. Am. Airlines, 176 F.R.D. 438, 440-41 (D.P.R. 1998)(personal problems of counsel do not constitute excusable

[2] The CM/ECF receipt for the docket entries made in this case indicates that the Court's orders were sent electronically to Plaintiffs' counsel.

[3] The Court notes, reluctantly, that Plaintiffs' counsel has not submitted any evidence or documentation of the medical ailments.

neglect). The fact is that absent a showing that the situation was *beyond* the attorney's control, Pioneer, 507 U.S. at 388, illness and resulting error or general negligence will not constitute excusable neglect under the relief-from-judgment rule. See Carcello v. TJX Companies, Inc., 192 F.R.D. 61 (D.Conn. 2000); see also Lender v. Unum Life Ins. Co. of America, Inc., 519 F.Supp.2d 1217 (M.D.Fla. 2007).

The lack of diligence is magnified by the fact that Plaintiffs have *two* counsel of record in this case: Attorney Sonia Alfaro and Attorney Carlos Quilichini. In Flett v. W. A. Alexander & Co., 302 F.2d 321 (7th Cir. 1962) cert. denied 371 U.S. 841, the Seventh Circuit held, on facts similar to those at hand, that the "physical incapacity of one of the two lawyers representing plaintiff does not entitle plaintiff to relief on the grounds of 'excusable neglect' in the absence of a strong showing that other counsel could not have acted for him under the circumstances then existing." Id. at 323. Here, Plaintiffs do not contend that both attorneys were so stricken with illness so as to make the prosecution of their case impossible. At the very minimum, Plaintiffs' counsel should have informed the Court and opposing counsel of their situation via motion or otherwise. Plaintiffs did not do so.

Plaintiffs also rely heavily on the fact that the Court erred in dismissing this case before ruling on their pending motion to compel. But such reliance is misplaced. If that ruling was truly necessary to oppose Defendant's motion for partial summary judgment, then Plaintiffs should have at the very least informed the Court of that fact. Plaintiffs could have also prevented the Court from deeming the summary judgment motion unopposed by filing a motion for extension of time to file their response. In the alternative, as Defendants suggest, Plaintiffs could have also requested, under Rule 54(d), that the Court defer consideration of the summary judgment motion until the Magistrate Judge ruled upon their motion to compel. Nevertheless, Plaintiffs did not exercise any of these options. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir. 2006)(plaintiffs could not claim excusable neglect because they did not exercise diligence in meeting the court's filing deadlines).

As a final point, Plaintiffs argue in passing that they cannot be held responsible for their counsels' failure to prosecute this action. The weight of precedent defeats this argument. See Link v. Wabash, 370 U.S. 626, 634 (1962)(finding "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust

penalty on the client"); see also Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

**CONCLUSION**

Considering the totality of the circumstances, the Court finds that Plaintiffs' neglect in prosecuting their case is inexcusable. Consequently, it would be an abuse of discretion to grant relief under Rule 60(b)(1). Motion denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of January, 2013.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge